Bridgette Trice, individually and as
Trustee for the Heirs and Next of Kin of
D.D.B., deceased,

    Plaintiffs,

  and

Koua Fong Lee, Panghoua Moua, Nhia
Koua Lee, Nong Lee, J.L., A.P.L., Y.L.,
and Y.L.,

    Plaintiff-Intervenors,

  and

American Family Mutual Insurance Company,
as subrogee of Koua Fong Lee,

    Plaintiff-
    Second Intervenor,

  vs.

Toyota Motor Corporation, Toyota Motor
North America, Inc., Calty Design Research, Inc.,
Toyota Motor Engineering & Manufacturing North
America, Inc., Toyota Motor Manufacturing,
Kentucky, Inc., and Toyota Motor Sales, USA, Inc.,

    Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 10-2804 ADM/AJB

_____

Robert C. Hilliard, Esq., Marion Reilly, Esq., Rudy Gonzales, Jr., Esq., John B. Martinez, Esq., Catherine D. Tobin, Esq., Hilliard, Muñoz & Gonzales, LLP, Corpus Christi, TX, and Brent Schafer, Esq., and Kathryn Snapka, Esq., Schafer Law Firm, PA, Eagan, MN, on behalf of Plaintiff-Intervenors.

Theodore Dorenkamp, Esq., Bard D. Borkon, Esq., John D. Sear, Esq., Nathan J. Marcusen, Esq., and Lawrence C. Mann, Esq., Bowman and Brooke LLP, Minneapolis, MN, and Troy, MI, on behalf of Defendants.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on

Plaintiff-Intervenors Koua Fong Lee, Panghoua Moua, Nhia Koua Lee, Nong Lee, J.L., A.P.L.,

Y.L., and Y.L.'s, ("Plaintiff-Intervenors") Supplemental Motion for Leave to Amend Pleadings

and Motion to File Amended Pleadings Under Seal [Docket No. 293] ("Motion to Amend"), as

well as Plaintiff-Intervenors' Motion to Incorporate Plaintiffs' and Plaintiff Second-Intervenor's

Pleadings in the Alternative [Docket No. 299] ("Motion to Incorporate").  Plaintiff-Intervenors

filed the two alternate motions simultaneously.  See id. at 1, n.1.  Defendants Toyota Motor

Corporation, Toyota Motor North America, Inc., Calty Design Research, Inc., Toyota Motor

Engineering & Manufacturing North America, Inc., Toyota Motor Manufacturing, Kentucky,

Inc., and Toyota Motor Sales, USA, Inc. ("Defendants") oppose the motion.  For the reasons set

forth below, Plaintiff-Intervenors' Motion to Amend is granted, and its Motion to Incorporate is

denied.

## II. BACKGROUND

The full factual background of this case need not be summarized for the purposes of the

present motions.  In short, this lawsuit, and its three related actions, concern a tragic car accident

in which three individuals were killed and two others were severely injured when a 1996 Toyota

Camry struck an Oldsmobile Ciera at the bottom of a highway off-ramp.  See generally Pl.-

Second Intervenor's Am. Compl. [Docket No. 164]; see also Block v. Toyota Motor Corp., 10-

2802 (D. Minn.), Trice-Adams v. Toyota Motor Corp., 10-2803 (D. Minn), and Adams v. Toyota

Motor Corp., 10-2805 (D. Minn.).[1]  Plaintiffs in these four actions are the driver and passengers

of the Ciera, or their heirs and next of kin.  Plaintiff-Intervenor Koua Fong Lee drove the Camry,

and the other Plaintiff-Intervenors were either passengers in the Camry or their family.

Defendants are the various Toyota entities involved in the design, manufacture, and sale of the

Camry.

Plaintiffs initiated this action on or about June 7, 2010, and Defendants removed the

action to federal court on June 30, 2010 [Docket No. 1].  Plaintiff-Intervenors moved to

intervene, and on November 10, 2010, Chief Magistrate Judge Arthur Boylan granted the

motion.  Order, Nov. 10, 2010 [Docket No. 62].  Several months later, Plaintiff and Second

Intervenor American Family Mutual Insurance Company ("American Family") intervened with

Defendants' consent.  Order, Jan. 13, 2011 [Docket No. 79].

In March and April 2011, Plaintiff-Intervenors, American Family, and all four Plaintiffs'

groups moved for leave to file amended complaints [Docket Nos. 108, 111, 143], [Block Docket

No. 81], [Trice-Adams Docket No. 86], [Adams Docket No. 85].  This Court granted all six

motions for leave to amend.  Order, June 13, 2011 [Docket No. 163].  However, the Court

required Plaintiffs, Plaintiff-Intervenors, and American Family to revise their proposed amended

complaints to include greater specificity before filing.  See Order, June 13, 2011, at 20.

The plaintiffs in all four actions, as well as American Family, filed their revised amended

complaints shortly thereafter.  Plaintiff-Intervenors did not.  The parties have litigated in earnest

over the intervening two years, and discovery in the four actions closed on May 31, 2013.  On

---

[1]  Where necessary, citations to the dockets for these three cases will incorporate the first
plaintiff's name, i.e. "[Block Docket No. 1]."

September 9, 2013, Defendants moved for summary judgment in each action.  The parties have

not yet completed their briefing on these motions.

Then, on September 25, 2013, over two years after the Court granted leave to amend,

Plaintiff-Intervenors filed the present motions.  Plaintiff-Intervenors seek leave to file the

amended complaint they originally failed to file when granted permission to do so.  In the

alternative, Plaintiff-Intervenors request that their original complaint incorporate the allegations

made in Plaintiff Bridget Trice's and in American Family's amended complaints.

### III.  DISCUSSION

When the time to amend as a matter of course has passed, a party must seek the opposing

party's consent or leave of the court before amending a pleading.  Fed. R. Civ. P. 15(a)(2).  The

ruling court should "freely give leave when justice so requires."  Id.  However, "[t]here is no

absolute or automatic right to amend."  Williams v. Little Rock Mun. Water Works, 21 F.3d 218,

224 (8th Cir. 1994).  A court may withhold permission to amend if "the plaintiff does not have at

least colorable grounds for relief, or if she is guilty of undue delay, bad faith, dilatory motive, or

if permission to amend would unduly prejudice the opposing party."  Id.

Defendants argue Plaintiff-Intervenors have delayed too long to file their amended

complaint now.  Plaintiff-Intervenors, Defendants argue, have not demonstrated any good cause

for the significantly tardy filing, and further, allowing Plaintiff-Intervenors to file their amended

complaint now would cause undue delay and prejudice.  Plaintiffs in the four actions filed

amended complaints that bear strong similarities to each other, and which include largely the

same revised fraud allegations.  Defendants served discovery regarding these allegations on each

Plaintiff.  Relying on their failure to file an amended complaint, Defendants did not serve these

same requests on Plaintiff-Intervenors.  Because discovery has now closed, Defendants argue

they will be prejudiced, as they no longer have the opportunity to examine Plaintiff-Intervenors'

proposed allegations.  In the same manner, Defendants claim prejudice because they have

already filed their motion for summary judgment against Plaintiff-Intervenors.  As a final

argument, Defendants also contend the proposed amended complaint is futile, because Plaintiff-

Intervenors have failed to establish a claim of fraudulent concealment.

Plaintiff-Intervenors respond that they misunderstood the process for filing amended

complaints in this district.  This argument has no merit.  Ignorance of the local rules and practice

is not an excuse, and presumably the reason Plaintiff-Intervenors hired local counsel.  Plaintiff-

Intervenors further argue that somehow, by virtue of their shared interests, Plaintiff-Intervenors

automatically adopted all of Plaintiff Trice and American Family's amended allegations.  The

Court is not aware of any rule or decision stating that an intervenor, by virtue of sharing common

positions with another party, automatically adopts any allegations that party makes.  Regardless,

such a function would be unworkable in this case.  As a result, Plaintiff-Intervenors have failed

to establish good cause for failing to promptly amend their complaint.

However, the prejudice suffered by Defendants as a result of the proposed amendment

does not outweigh the public's interest in a full, fair, and final resolution of the claims and issues

in these four actions.  Although summary judgment briefing is underway, amendment would not

fundamentally alter Defendants' position because Defendants have stated the same arguments,

often copied verbatim, against each Plaintiff and Intervenor, including against Plaintiff-

Intervenors.  For example, Defendants argue American Family has failed to plead fraudulent

concealment with particularity.  Defs.' Mem. Supp. Summ. J. as to American Family [Docket

No. 282] 10-11. Defendants make precisely the same argument against Plaintiff-Intervenors, but include a few additional sentences noting Plaintiff-Intervenors' failure to amend their complaint. Defs.' Mem. Supp. Summ. J. as to Lee [Docket No. 281] 11-12. The analysis itself remains entirely unchanged, regardless of which Intervenor's complaint is at issue. Similarly, Defendants' argument that amendment would be futile is based on a claimed lack of particularity; this issue will be most efficiently addressed as part of the summary judgment motions, which state the same argument.

In practical terms, granting Plaintiff-Intervenors leave to amend will best serve all involved parties and the Court's interest in judicial economy. The parties have consolidated their cases for pretrial purposes, and Plaintiffs and Plaintiff-Intervenors have adopted many of the same positions. See Fourth Am. Scheduling Order [Docket No. 262]. Plaintiffs and Intervenors have stated many of the same allegations, share at least one expert witness, have operated on the same litigation schedule, and have responded to the summary judgment motions as a single group (when provided that option by the Court). Accordingly, Defendants have responded to Plaintiffs and Intervenors collectively. Allowing Plaintiff-Intervenors to amend their complaint in the same manner as the other Plaintiffs and Intervenors will conform the pleadings with the parties' conduct. It will not introduce any new issues, parties, or witnesses, nor will it substantially alter Defendants' position.

Defendants may conduct limited additional written discovery if Plaintiff-Intervenors amended complaint raises new allegations that Defendants have not previously examined. Defendants are cautioned, however, to keep the scope of this discovery limited to only those allegations raised by Plaintiff-Intervenors' in their amended complaint. If the additional

6

discovery yields materially new information, Defendants may supplement their memorandum in

support of summary judgment [Docket No. 281] by letter brief.  Defendants are again cautioned

not to submit such additional briefing unless the discovery fundamentally alters Defendants'

arguments.[2]

## IV.  CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1.    Plaintiff-Intervenors' Supplemental Motion for Leave to Amend Pleadings and

Motion to File Amended Pleadings Under Seal [Docket No. 293] is **GRANTED**;

2.    Plaintiff-Intervenors' Motion to Incorporate Plaintiffs' and Plaintiff Second-

Intervenors' Pleadings in the Alternative to Plaintiff-Intervenors' Motion for

Leave to Amend the Pleadings and Motion to File Amended Pleadings Under

Seal [Docket No. 299] is **DENIED** as moot;

3.    Defendants may conduct limited, additional discovery as to Plaintiff-Intervenors

by serving such requests no later than 7 days from the date of this Order, and

Plaintiff-Intervenors shall have no more than 14 days to respond from the date of

service.

4.    Defendants may file a single, supplemental letter brief as to their motion for

summary judgment against Plaintiff-Intervenors, not to exceed more than two (2)

---

[2]  If in fact further discovery and additional briefing occurs, Defendants may submit an affidavit attesting to the costs and attorney's fees they incurred due to this additional discovery and briefing.  The Court will determine whether the additional proceedings were warranted and whether an award of fees is appropriate.

pages by December 10, 2013.  Defendants may also file an affidavit in support of

this letter brief detailing the costs and fees incurred, if any, by conducting the

above-specified discovery and briefing.

BY THE COURT:

                    <u>     s/Ann D. Montgomery     </u>
                    ANN D. MONTGOMERY
                    U.S. DISTRICT JUDGE

Dated:  November 4, 2013.