UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

─────────────────────────────────────────────

Bridgette Trice, as trustee for the heirs
and next of kin of Devyn Bolton, deceased,

        Plaintiffs,        **MEMORANDUM OPINION AND ORDER**

        v.        Civil Case No. 10-2804 ADM/DTS

Toyota Motor Corporation, et al.,

        Defendants.

─────────────────────────────────────────────

Quincy Ray Adams,

        Plaintiff,

        v.        Civil Case No. 10-2805 ADM/DTS

Toyota Motor Corporation, et al.,

        Defendants.

─────────────────────────────────────────────

W.B. Markovits, Esq., Christopher D. Stock, Esq., and Louise M. Roselle, Esq., Markovits, Stock & DeMarco, LLC, Cincinnati, OH, on behalf of Plaintiffs Bridgette Trice and Quincy Ray Adams.

Sharon L. Van Dyck, Esq., Van Dyck Law Firm, PLLC, Minneapolis, MN, and Michael B. Padden, Esq., Padden Law Firm, PLLC, Lake Elmo, MN, on behalf of Padden Law Firm, PLLC.

─────────────────────────────────────────────

## I. INTRODUCTION

Before the Court is Padden Law Firm, PLLC's (the "Padden Firm") Motion for Release of Funds [Trice Docket No. 865; Adams Docket No. 587][1] and Motion for Additional Findings

---

[1] Citations to the "Trice Docket" are to civil case number 10-2804 ADM/DTS. Citations to the "Adams Docket" are to civil case number 10-2805 ADM/DTS.

per Rule 52(b) and for Altered Judgment per Rule 59(e) [Trice Docket No. 876; Quincy Adams Docket No. 582].² For the reasons set forth below, both motions are denied.

## II. ANALYSIS

**A. Motion for Additional Findings and Altered Judgment**

On April 27, 2018, the Court issued a Memorandum Opinion and Order ("Order") [Trice Docket No. 860; Adams Docket No. 575] authorizing distribution of the contingency fee earned by law firms representing Plaintiffs in these companion cases. The Order allocates 15% of the contingency fee to the Padden Firm and 30% to the Law Office of Kenneth R. White, P.C. (the "White Firm").³ Judgment was entered pursuant to the Order on April 30, 2018. See Judgment [Trice Docket No. 862; Adams Docket No. 577].

The Padden Firm moves for additional findings of fact and an amended judgment, arguing the fee allocation is erroneous. The Padden Firm contends that it is entitled to 30% of the contingency fee according to an April 2014 Fee Agreement among Plaintiffs and their attorneys. See Padden Decl. [Trice Docket No. 737] Ex. 12 (April 2014 Fee Agreement). The Padden Firm argues that the Court misapplied controlling Minnesota law when it declined to enforce the April 2014 Fee Agreement and instead divided fees in proportion to the amount of

---

² The Padden Firm has also filed a Motion to Accept Late Filing [Trice Docket No. 886, Adams Docket No. 599]. Counsel encountered technical difficulties when filing its reply memorandum in support of its Motion for Additional Findings per Rule 52(b) and for Altered Judgment per Rule 59(e). No prejudice resulted from the delay in filing because the reply brief was emailed to all interested parties on the June 22, 2018 filing deadline and was filed on CM/ECF the next day. Van Dyck Decl. [Trice Docket No. 887; Adams Docket No. 600]. The Motion to Accept Late Filing is granted.

³ The remaining 55% of the contingency fee is not in dispute and has been paid to the law firm of Markovitz, Stock & DeMarco, LLC ("MSD"), which served as lead litigation counsel in these cases.

2

work each firm performed.

"A Rule 52 motion is intended to correct findings of fact which are central to the ultimate decision." Dale & Selby Superette & Deli v. U.S. Dep't of Agric., 838 F. Supp. 1346, 1347 (D. Minn. 1993) (internal quotation marks omitted). "Rule 59(e) motions serve a limited function of correcting manifest errors of law or fact or to present newly discovered evidence. Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal citations omitted). "[A] motion made pursuant to Rules 52 and 59 is not intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief in extraordinary circumstances." Dale & Selby Superette, 838 F. Supp. at 1348.

The Padden Law Firm argues that the standard governing the division of fees among different law firms—Minnesota Rule of Professional Conduct 1.5(e)—provides two alternatives for dividing fees, and that the Court erred by addressing only one of the alternatives. Rule 1.5(e) states:

> A division of a fee between lawyers who are not in the same firm may be made only if:
>
> (1) the division is in proportion to the services performed by each lawyer or each lawyer assumes joint responsibility for the representation;
>
> (2) the client agrees to the arrangement, including the share each lawyer will receive, and the agreement is confirmed in writing; and
>
> (3) the total fee is reasonable.

The alternative bases for dividing fees are set forth in subparagraph 1, which permits fees to be

3

divided in proportion to the work performed or, alternatively, where each lawyer assumes joint responsibility for the representation.  See Minn. R. Prof'l Conduct 1.5(e)(1).  The Padden Firm contends that its relationship to Plaintiffs falls within the second alternative, and thus the April 2104 Fee Agreement is valid and should have been enforced.

Because the Padden Firm did not present this argument prior to the entry of judgment, it is procedurally improper to raise it now.  See Innovative Home Health Care, Inc., 141 F.3d at 1286 (stating that Rule 59(e) motions "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment").  The Padden Firm's 29-page response brief filed prior to the Judgment did not mention, much less discuss, the "joint responsibility" prong of Rule 1.5(e)(1).  See generally Padden Firm Resp. Br.  [Trice Docket No. 829].  The Padden Firm's prejudgment supplemental letter brief [Trice Docket No. 842] also did not address joint responsibility, even though the letter brief was filed days after Plaintiffs had argued that the "joint responsibility" alternative under Rule 1.5(e)(1) did not apply because the Padden Firm did not assume responsibility for litigation expenses.  See Pls.' Reply Mem. [Trice Docket No. 770; Adams Docket No. 503] at 26 n.8 (arguing that the second alternative of Rule 1.5(e)(1) does not apply).  Because the Padden Firm had multiple opportunities to raise the "joint responsibility" argument prior to the entry of the Judgment and did not do so, the Padden Firm's motion under Rules 52(b) and 59(e) constitutes a second bite at the apple rather than a need for relief in extraordinary circumstances.

In addition to being procedurally improper, the argument fails on the merits because the Padden Firm did not assume joint responsibility for the representation.  The Comments to Rule 1.5(e)(1) state that "Joint responsibility for representation entails financial and ethical

responsibility for the representation as if the lawyers were associated in a partnership." Minn. R. Prof'l Conduct 1.5 cmt. 7. The Padden Firm assumed no financial responsibility for litigation expenses, which exceeded $100,000 in these cases. First Markovitz Decl. [Trice Docket No. 721; Adams Docket No. 467] ¶ 13; Markovitz Reply Decl. [Trice Docket No. 772; Adams Docket No. 507] ¶ 5.[4]

The Padden Firm also did not assume joint ethical responsibility for Plaintiffs' legal representation. For example, the Padden Firm did not hold itself jointly responsible for an unauthorized settlement demand and other allegedly unethical conduct by Plaintiffs' former lead trial counsel Napoli Shkolnik, PLLC ("Napoli"). Although the Padden Firm was the first firm hired by the Plaintiffs, it played a very limited role in these cases, primarily handling public relations. The Padden Firm assumed little to no responsibility for ensuring the continued effective representation of Plaintiffs. See, e.g., Markovitz Reply Decl. Exs. 8–16 (emails showing the Padden Firm's lack of involvement and failure to respond to MSD's requests for timely assistance with critical tasks in Plaintiffs' cases). Thus, the "joint responsibility" alternative under Rule 1.5(e)(1) does not apply to the fee division in these cases.

Because the Court correctly applied Rule 1.5(e) and did not commit a manifest error of law or fact, the Padden Firm's motion under Rules 52(b) and 59(e) is denied.

---

[4] The Padden Firm vaguely asserted in a pre-judgment memorandum that its expenses over the entire course of the litigation "probably totaled around $3,000," but that it chose not to seek reimbursement for its expenses. See Padden Firm Response Br. at 21. The Padden Firm has not submitted an affidavit or other evidentiary support for this unsworn assertion. Additionally, the $3,000 is more than offset by $34,500 in "advance" fees that the Padden Firm received from Plaintiffs' initial trial counsel, Waite, Schneider, Bayless, and Chesley Co., LPA, during the early stage of these cases. See Markovitz Reply Decl. ¶ 4, Exs. 2, 3.

### B. Motion for Release of Funds

The Padden Firm requests the Court to authorize a partial distribution of attorneys' fees and other funds currently being held in the White Firm's trust account. The Padden Firm argues that partial distribution is proper even though the April 30, 2018 Judgment for attorneys' fees is being appealed,[5] because the amounts sought to be distributed are not at issue in the appeal.

The piecemeal distribution of the amounts remaining in trust is inappropriate. The Eighth Circuit may conclude that the attorneys' fees should be allocated in an entirely different manner than the Court determined or the attorneys propose. Further, these cases require finality, and thus the amounts will continue to be held in trust until all remaining issues have been fully and finally adjudicated.

### III. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Padden Law Firm, PLLC's Motion to Accept Late Filing [Trice Docket No. 886, Adams Docket No. 599] is **GRANTED**;

2. Padden Law Firm, PLLC's Motion for Release of Funds [Trice Docket No. 865; Quincy Adams Docket No. 587] is **DENIED**; and

3. Padden Law Firm, PLLC's Motion for Additional Findings per Rule 52(b) and for Altered Judgment per Rule 59(e) [Trice Docket No. 876; Quincy Adams Docket No. 582] is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: June 27, 2018.

---

[5] The Order and Judgment were appealed by Napoli, whose quantum meruit claim for attorneys' fees was denied. See Notice Appeal [Trice Docket No. 874; Adams Docket No. 579].